USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/12/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**DRIP CAPITAL, INC.,**

                                   *Petitioner,*

                   **-against-**

**M/S. GOODWILL APPARELS,**

                                   *Respondent.*

---

**22-cv-02806 (ALC)**

**ORDER**

---

**ANDREW L. CARTER, JR., United States District Judge:**

Pending before the Court is Petitioner's motion for attorneys' fees pursuant to Fed R. Civ. P. 54(d)(2). ECF No. 38; *see also* ECF No. 5-2 ("Factoring Agreement"). Petitioner requests attorneys' fees in the amount of $109,041.00 for 102.70 hours of attorney Scarola's work, 63.3 hours of attorney Zubatov's work, and 0.6 hours of paralegal Corzo's work. ECF No. 38-1 ("Scarola Affidavit") at 5. Petitioner calculates attorney Scarola's hourly rate at $765, attorney Zubatov's hourly rate at $495, and paralegal Corzo's hourly rate at $125. Inclusive of a 3.5% fee which counsel's law firm charges in lieu of disbursement charges for telephone rates, postage rates, and other similar charges, Petitioner's counsel seeks fees in the amount of $112,857.44. For the reasons contained herein, Petitioner's motion is **GRANTED in part and DENIED in part**.

## BACKGROUND

The Court presumes the Parties' familiarity with the factual background of this case and directs others to the factual recitation contained in the prior opinion granting Petitioner's motion for default judgment. *See Drip Capital, Inc. v. M/s. Goodwill Apparels*, 665 F. Supp. 3d 511, 515-517 (S.D.N.Y. 2023). The Court recounts here only those facts which are most pertinent to the resolution of Petitioner's motion for attorneys' fees.

The Factoring Agreement states that "[respondent] must promptly pay [petitioner] on demand all Taxes and Costs incurred by [respondent] in connection with . . . (c) enforcing or preserving [respondent's] rights under [the Agreement] or obtaining legal advice about this," Factoring Agreement at ¶ 16.2, and elsewhere defines "Costs" as "costs, charges and expenses (inclusive of any Indirect Tax), including those incurred in connection with advisers and any legal costs on a full indemnity basis." *Id.* at 2.

In a declaration accompanying Petitioner's motion for fees, Petitioner's counsel submitted detailed invoices containing time entry records complete with descriptions of specific tasks completed.  *See* ECF No. 38-2.  The motion for attorneys' fees is unopposed as Respondent failed to file an opposition to Petitioner's request.  *See* ECF No. 45 (directing Respondent to file a timely response to Petitioner's motion and stating that the motion would be deemed unopposed if Respondent failed to do so).

## LEGAL STANDARD

Fed R. Civ. P. 54(d)(2)(A) authorizes the filing of a motion, after entry of judgment, for "attorneys' fees and related nontaxable expenses."  Rule 54(d)(2)(B) mandates, amongst other requirements, that the motion must "be filed no later than 14 days after the entry of judgment" and "specify the judgment and the statute rule, or other grounds entitling the movant to the award."  Under New York law, "attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule."  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003).  Additionally, contracts including so-called attorneys' fees provisions "must be strictly construed to avoid inferring duties that the parties did not intend to create."  *Id.* (citing *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 74 N.Y.2d 487, 491, 549 N.Y.S.2d 365, 548 N.E.2d 903 (1989); *see*

*also id.* ("[T]he court should not infer a party's intention to provide counsel fees as damages for a breach of contract unless the intention to do so is unmistakably clear from the language of the contract."); *Admintermare v. Kamca Trading S.A., No. 20-CV-1223 (JPO*), 2022 U.S. Dist. LEXIS 99053, at *2-3 (S.D.N.Y. June 2, 2022) (denying attorneys' fees in a suit brought by one contractual party where the contract granted such fees only if the alternate party had brought suit).

Under the state law, "an award of attorneys' fees pursuant to a contractual provision may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered." *Exec. Risk Indemn., Inc. v. Fieldbridge Assocs. LLC*, 642 F. App'x 25, 25 (2d Cir. 2016) (summary order) (internal quotation marks and alterations omitted). Attorneys' fee awards "are typically determined using the lodestar approach, or the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Cindy Chen v. Shanghai Café Deluxe, Inc.*, No. 17-cv-2536 (VF), 2023 U.S. Dist. LEXIS 50776, at *27 (S.D.N.Y. Mar. 24, 2023) (citing *Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). "The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Determining a reasonable hourly rate requires the consideration of "case-specific variables such as the complexity of the case, the amount of work required, the attorney's expertise, and awards in similar cases, among other factors." *Axelrod v. Klein*, No. 16-cv-07183 (ALC), 2016 U.S. Dist. LEXIS 150076, at *3 (S.D.N.Y. Oct. 28, 2016) (citing *Arbor Hill*, 522 F.3d at 190). "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded . . . and in dealing with such surplusage,

the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

### DISCUSSION

Here, Petitioners have filed a timely motion under Rule 54(d)(2)(B), presenting a sufficiently clear contractual basis for awarding attorneys' fees. The operative Factoring Agreement spells out with particularity that Respondent "must promptly pay" Petitioner for all costs associated with "enforcing or preserving [Petitioner's rights under [the Agreement] or obtaining legal advice about [the same]." Respondent has also failed to dispute this Agreement provision. Therefore, "there is no doubt that the contract unequivocally alters the typical American rule that each party pay its own attorneys' fees". *Rothberg v. Phil's Main Roofing, LLC*, No. 14-cv-10195 (NSR), 2017 U.S. Dist. LEXIS 69468, at *7 (S.D.N.Y. May 5, 2017) (granting attorneys' fees where a contract's indemnification provision contained "independent" portions that rendered fees recoverable) (citing *Berkley Reg'l Ins. Co. v. Weir Bros.*, 2013 U.S. Dist. LEXIS 160492, at *37 (S.D.N.Y. Nov. 5, 2013)); *see also St. Paul Mercury Ins. Co. v. M&T Bank Corp.*, 2014 U.S. Dist. LEXIS 20839, at *30 (S.D.N.Y. Feb. 19, 2014) (granting attorneys' fees where the Respondent was contractually obligated to indemnify Petitioner for "any and all loss, cost and expense of whatever kind which it may incur or sustain as a result of . . . the enforcement of this Agreement, including unpaid premiums, interest, court costs and counsel fees").

The fees requested here are equal to the hourly rates charged to Petitioner, as evidenced by the supporting billing documentation, multiplied by hours worked. Those charged rates are: $765 per hour for Scarola, $495 per hour for Zubatov, and $125 per hour for Corzo. Scarola has

practiced law for approximately 40 years, focusing on complex commercial litigation matters whereas Zubatov has 22 years of experience doing the same.  ECF No. 39 at 7.  These hourly rates are consistent with the hourly rates of partners and paralegals with commensurate experience in this district.  *See, e.g., Carrington v. Graden*, 2020 U.S. Dist. LEXIS 178712 (S.D.N.Y. Sep. 28, 2020) (finding rates of $900 and $850 reasonable in complex commercial litigation context); *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 CV 1041-LTS-DCF, 2019 U.S. Dist. LEXIS 2844 (S.D.N.Y. Jan. 7, 2019) (finding rates between $625 and $845 reasonable in similar context); *Long v. HSBC USA Inc.*, 2016 U.S. Dist. LEXIS 124199, at *34 (S.D.N.Y. Sep. 13, 2016) (finding paralegal rates between $100 and $150 reasonable).  The litigation of this case also required extensive work from Petitioners across arbitrating and obtaining confirmation of the Award which raised relatively complex legal issues related to effecting service in a foreign state.  Therefore, the Court finds that the rates are reasonable pursuant to the *Arbor Hill* factors.

The Court next considers the reasonableness of the number of hours Scarola and Zubatov spent working on this case.[1]  The majority of the hours billed by Petitioner's counsel are reasonable, though there are a small number of time entries that "are vague or otherwise inadequate to enable the court to determine the reasonableness of the work performed."  *GE Chun Wen v. Hair Party 24 Hours Inc.*, No. 15cv10186 (ER) (DF), 2021 U.S. Dist. LEXIS 97828, at *25 (S.D.N.Y. May 17, 2021) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  These time entries include those in which attorney Scarola billed for nondescript "correspondence[s]" to a client, Ex 38-2 at 1, 20, drafting "communications regarding next steps" or "status" to unenumerated recipients, *id.* at 2, 9, and placing calls to this Court's chambers regarding some unenumerated topic.  *Id.* at 9, 13.  While the Court would

---

[1] The Court finds that the 0.6 hours Corzo spent working on this case appear reasonable.

normally reduce Scarola's time charges by the hours expended on these nondescript tasks, Mr.

Scarola has already reduced his fees by an amount comparable to what this Court would have

ordered. *See* ECF No. 39 at 8 n.1.[2]  Therefore, no further reduction is necessary.

Finally, the Court considers the 3.5% fee which Petitioner's counsel seeks reimbursement

for.  Petitioner's counsel presents neither case law nor actual billing invoices supporting the

reasonableness of such an imposition of over $3,000 of fees upon the Respondent.  The Court

therefore denies Petitioner's request to recover such a disbursement fee.

### CONCLUSION

For the foregoing reasons, Petitioner's request for attorneys' fees is **GRANTED in part**

**and DENIED in part**.  Petitioner's counsel are awarded attorneys' fees as follows: $77,632.50

for Scarola, $31,333.50 for Zubatov, and $75.00 for Corzo.

**SO ORDERED.**

**Dated: March 12, 2024**
       **New York, New York**

_____
           **ANDREW L. CARTER, JR.**
           **United States District Judge**

---

[2] In total, the Court would have directed reduction of counsel's bill by approximately 1.1 hours constituting time billed for insufficiently detailed "communications" and "correspondence[s]."  *See, e.g.*, ECF No. 38, Ex. 1 at 1-2, 9, 13, 20.  Counsel has voluntarily elected not to charge his client for that "initial time he spent gaining a familiarity with the case" by an amount correlating to approximately 1.2 hours.  ECF No. 39 at 8 n.1.